IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **TIMOTHY KESTERSON**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:04-CV-1848-L |
| | § | |
| **LOCKHEED MARTIN CORPORATION**, | § | |
| d.b.a. Lockheed Martin Aeronautics Company, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant Lockheed Martin Aeronautics Company's Motion to Transfer Venue, filed November 5, 2004. After careful consideration of the motion, response, reply, record and applicable authority, the court **denies** Defendant Lockheed Martin Aeronautics Company's Motion to Transfer Venue.

## I. Background

Plaintiff Timothy Kesterson ("Plaintiff" or "Kesterson") filed this action on August 24, 2004, in the Dallas Division of the Northern District of Texas against Defendant Lockheed Martin Corporation ("Defendant" or "Lockheed"), contending that Lockheed discriminated against him in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*., and the Texas Commission on Human Rights Act, Tex. Lab. Code Ann. § 21.051 *et seq.* (Vernon 1996). Lockheed seeks to have this action transferred to the Fort Worth Division of the Northern District of Texas pursuant to 28 U.S.C. § 1404(a) for the convenience of the parties and witnesses in this case, and in the interest of justice. Kesterson opposes the transfer and contends that a transfer is not warranted

**Memorandum Opinion and Order - Page 1**

under § 1404(a) because it is not for the convenience of the parties and witnesses, and not in the interest of justice.

Specifically, Lockheed contends that all of the parties and probable witnesses are residents of Tarrant County, Texas, and that all documents relevant to this litigation are located in Tarrant County.  Finally, Lockheed contends that all of the events of which Kesterson complains took place in Tarrant County.  For these reasons, Lockheed contends that this action bears no relationship to the Dallas Division.

Plaintiff Kesterson, on the other hand, contends that Lockheed has not met its burden. Specifically, Kesterson discusses his choice of forum, witness convenience, location of documents, and other factors. He contends that these matters collectively do not support a transfer, and that the evidence submitted by Lockheed is too general and vague for the court to make a determination that this action should be transferred to the Fort Worth Division.

## II.  **Applicable Standard for a Section 1404(a) Transfer**

With respect to section 1404(a), "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought." 28 U.S.C. § 1404(a).  In applying section 1404(a), a district court is to first determine "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (citing *In re Horseshoe Entm't*, 337 F.3d 429, 432 (5th Cir.), *cert. denied*, 540 U.S. 1049 (2003)). Once this initial determination is made, a district court

> turn[s] to the language of § 1404(a), which speaks to the issue of "the convenience of parties and witnesses" and to the issue of "in the interest of justice."  The determination of "convenience" turns on a number of private and public interest factors, none of which [is]

given dispositive weight. The private concerns include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. The public concerns include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law.

*In re Volkswagen AG*, 371 F.3d at 203 (citations omitted).

In his complaint, Kesterson cites 28 U.S.C. § 1391(a) as the basis for venue in this district. *See* Plaintiff's Complaint ¶ 4. Lockheed cites 28 U.S.C. § 1391(b)(1), (2) and Title VII, 42 U.S.C. § 2000e-5(f)(3), which is incorporated into the ADA at 42 U.S.C. § 12117(a), as the bases for venue. *See* Defendant's Motion to Transfer Venue at 4. The problem with both parties' positions is that § 1391, the general venue statute, and Title VII speak to the appropriate judicial *district* and say nothing about a judicial *division*. Citation to these statutes is thus of no moment. Both parties acknowledge that the events giving rise to this lawsuit occurred in the Northern District of Texas, which encompasses the Forth Worth and Dallas Divisions, as well as five other divisions. *See* 28 U.S.C. § 124(a)(1)-(7). It is without cavil that venue is appropriate in this *judicial district*, the Northern District of Texas. Moreover, the parties do not dispute that the Fort Worth Division is a *division* in which Plaintiff's action or claims could have been brought originally; indeed, it would be fatuous to contend otherwise. The question that must be resolved is whether an intradistrict transfer should occur from the Dallas Division to the Fort Worth Division.[1]

---

[1]The Dallas Division consists of the counties of Dallas, Ellis, Hunt, Johnson, Kaufman, Navarro, and Rockwall. The Fort Worth Division consists of the counties of Comanche, Erath, Hood, Jack, Palo Pinto, Parker, Tarrant, and Wise. 28 U.S.C. § 124(a)(1), (2).

**Memorandum Opinion and Order - Page 3**

Transfer of venue pursuant to 28 U.S.C. § 1404(a) is at the discretion of the court, considering "'All relevant factors to determine whether or not on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum.'" *Peteet v. Dow Chemical Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) (quoting 15 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3847 at 370 (1986)).  The moving party bears the burden of demonstrating that a change of venue is warranted.  *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966); *Carlile v. Continental Airlines, Inc.*, 953 F.Supp. 169, 170 (S.D. Tex. 1997).

A plaintiff's choice of forum is entitled to some deference and generally should not be disturbed unless the balance of factors strongly favors the moving party, *see Houston Trial Reports, Inc., v. LRP Publications, Inc.*, 85 F.Supp.2d 663, 667 (S.D. Tex. 1999); however, a court may not attribute "decisive weight" to a plaintiff's choice of forum.  A "[p]laintiff's choice of forum is clearly a factor to be considered but in and of itself is neither conclusive nor determinative."  *In re Horseshoe Entm't*, 337 F.3d at 434.  Having determined that this action could have been originally filed in the Fort Worth Division, the court now considers the eight factors to determine whether it should be transferred to that division.

### III. <u>Consideration of the Eight Factors</u>

#### A.  Relative Ease of Access to Sources of Proof

In this regard, Lockheed has set forth in a declaration that "Lockheed Martin Aero's pertinent staffing, medical, EEO, and other records relating to Mr. Kesterson are located at the Fort Worth facility."  Def. App. at 1, Declaration of James C. Misfud.  The court accepts this as true, as nothing submitted by Kesterson contradicts it or shows otherwise.  The common practice is that one side produces the documents by copying them and sending them to the other side.  In cases where

the production may be voluminous, a party is often given an opportunity to inspect the records and specify which documents the viewing party wants.  Nothing, however, indicates that the documents are voluminous in nature or that this approach has been used in this case.  Whether this case is tried in Dallas or Fort Worth, the costs associated with locating, copying, and sending the documents is the same or essentially the same.  In any event, Lockheed does not set forth why the access to sources of proof favors a transfer to the Fort Worth Division.  Accordingly, this factor weighs against transfer.

### B.  Availability of Compulsory Process to Secure the Attendance of Witnesses

Defendant sets forth sufficient evidence that all witnesses are residents of Tarrant County, with the exception of personnel from the Equal Employment Opportunity Commission ("EEOC"), the Texas Commission on Human Rights ("TCHR"), and a former employer of Kesterson.  The EEOC is located in Dallas, and the TCHR is located in Austin.  The only witnesses who could not be compelled to attend trial would be those associated with the former employer in California and those associated with the TCHR in Austin, as both are located more than 100 miles from Dallas and Fort Worth courthouses and outside the Northern District of Texas.  *See* Fed. R. Civ. P. 45(b)(2). The parties and all other witnesses reside within the Northern District of Texas and, of course, are equally subject to the subpoena process, if necessary, whether the trial is held in Fort Worth or Dallas.  This factor therefore does not favor transfer to the Fort Worth Division.

### C.  Costs of Attendance for Willing Witnesses

Lockheed has presented evidence that "[a]ll of the Lockheed Martin Aero personnel who have knowledge of facts relevant to the allegations in this lawsuit work and/or reside in Tarrant County.  It is the company's understanding that Mr. Kesterson lives in Tarrant County."  Def. App.

at 2, Declaration of James Misfud.  Kesterson really does not dispute this statement.  He does contend that the statement is too general and does not specify or identify the testimony of particular witnesses.  While this statement has some merit, it overlooks the obvious:  the vast majority of witnesses, including Kesterson, works or resides in Tarrant County.  Lockheed has established that its facility is closer to the federal courthouse in Fort Worth than it is to the federal courthouse in Dallas.[2]  Trials take place during regular business hours, and Lockheed's employees would necessarily leave their place of employment to travel to the courthouse.  Given that the Dallas courthouse is farther away, this necessarily would cause such witnesses to expend more time traveling and encounter more inconvenience, although neither would be substantial.  This factor, on its face, therefore weighs in favor of a transfer to the Fort Worth Division.

### D.   Practical Problems that Make the Trial of the Case Easy, Expeditious and Inexpensive

This factor is not addressed per se by the parties.  It is clear from the record that the witness and parties would incur some extra expense and inconvenience, although slight, because of the extra distance they would have to travel if the case were tried at the Dallas federal courthouse.  In the strictest sense, this factor favors transfer to the Fort Worth Division.

### E.   Administrative Difficulties Flowing from Court Congestion

The parties did not brief this factor, and frankly, the court does not expect them to have significant knowledge regarding this factor.  This court knows the number of cases each judge had

---

[2]According to Maps.com, the distance between Lockheed's facility in Fort Worth and the federal courthouse in Fort Worth is 9.2 miles with an approximate travel time of 15 minutes; the distance between Lockheed's facility in Fort Worth and the federal courthouse in Dallas is 40.9 miles with an approximate travel time of 48 minutes; and the distance between the federal courthouses in Dallas and Fort Worth is 32.4 miles with an approximate travel time of 38 minutes. Pursuant to Fed. R. Evid. 201, the court takes judicial notice of this information, as it satisfies the standard set forth in the rule.

as of July 31, 2005 in the Dallas and Fort Worth divisions; however, the number of cases does not tell the whole story, as the statistics do not provide any information regarding the complexity of the cases or the matters set for trial on the judges' dockets.  The court is unable to assess whether any administrative difficulties would flow from court congestion, if any, in the Fort Worth Division. This court, however, can state unequivocally that no congestion will occur on this court's docket if the case remained in Dallas.   This case, if not settled by the parties or otherwise disposed of, *will* be tried in December 2005. The court therefore determines that this factor weighs against transfer to the Fort Worth Division.

### F.  Local Interest in Having Local Interests Decided at Home

The location of the alleged wrong of the events giving rise to this action clearly occurred in Tarrant County, and the parties and most of the witnesses reside or work in Tarrant County. Generally, there is a preference to try matters where the alleged injury occurred.  Local interests would thus favor a trial in the Fort Worth Division.  This factor weighs in favor of a transfer to the Fort Worth Division.[3]

### G.  Familiarity of the Forum with the Law that Will Govern the Case

This factor is neutral, as the same law would apply whether this case is tried in the Dallas or Fort Worth Division.  The courts in both divisions are equally capable of applying the applicable law.  This factor is of no moment, and the court determines that it neither favors nor disfavors a transfer.

---

[3]The local interest factor essentially neutralizes the consideration of Plaintiff's choice of forum. Accordingly, the court has attached little deference to Plaintiff's election to file suit in the Dallas Division.

**Memorandum Opinion and Order - Page 7**

### H. Avoidance of Unnecessary Problems of Conflict of Laws of the Application of Foreign Law

There is no conflict of laws issue in this case.  This factor is therefore not applicable to the transfer issue, and it has no impact on the court's decision whether the case should be transferred.

## IV.  Conclusion

As is evident by the court's analysis of the relevant factors, the parties are essentially in a statistical "dead heat."  Three factors favor a transfer to the Fort Worth Division; three factors favor the Dallas Division; and two factors are neutral.  Under these circumstances, the court determines that Lockheed has not met its burden to warrant a transfer to the Fort Worth Division.[4]

Specifically, one factor, the costs of attendance for calling witnesses, on paper favors a transfer, but reality weaves a different web.  Given the close proximity of the Dallas and Fort Worth federal courthouses and the location of Lockheed's facility, at most, the witnesses and parties would be marginally inconvenienced by the extra travel time.  When deciding whether a case should have been transferred from the Southern District of Texas (Houston) to the Eastern District of Texas (Tyler), and whether the district court abused its discretion, the Fifth Circuit concluded:

> This case is not being consigned to the wastelands of Siberia or some remote, distant area of the Continental United States.  The minor inconvenience Exxon may suffer in having to litigate this case in Tyler – only 203 miles distant – rather than in Houston, can in no rational way support the notion of abuse of discretion.

---

[4]In its appendix to the motion to transfer, Lockheed provides three cases – *Kettler v. Presstek, Inc.*, 2003 WL 21788870 (N.D. Tex. July 31, 2003); *Varghese v. The Methodist Hosp.*, 2002 WL 199839 (N.D. Tex. February 7, 2002); and *Lacefield v. Lockheed Martin Corp.*, 1997 WL 209295 (N.D. Tex. April 21, 1997) – to the court to support its argument that this action should be transferred to the Fort Worth Division. The court does not disagree with the analysis and holding of any of the three cases; however, in each case, more of the relevant factors weighed in favor of a transfer than against a transfer.  For the reasons previously discussed, such is not the situation in this case.

**Memorandum Opinion and Order - Page 8**

*Jarvis Christian Coll. v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir. 1988).  If a distance of 203 miles is considered to be a "minor inconvenience," this court cannot fathom how requiring the parties and witnesses to travel a mere 30 additional miles to Dallas for trial would in any way be an abuse of discretion.  On the other hand, if the division to which transfer is sought were Lubbock, Texas (Lubbock Division), which, according to Maps.com, is 346 miles from Dallas with a travel time of 6.4 hours, the court would view the matter in a totally different light.

For the reasons stated herein, Lockheed has not met its burden and established that a transfer to the Forth Worth Division is warranted.  Accordingly, the court **denies** Defendant Lockheed Martin Aeronautics Company's Motion to Transfer Venue.

**It is so ordered** this 12th day of August, 2005.

Sam A. Lindsay
United States District Judge

**Memorandum Opinion and Order - Page 9**